FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 OCT 26 PM 3:47
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JACQUELINE R. BRANDT,

Defendant.

8:22CR248

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, United States Attorney, and John E. Higgins, Assistant United States Attorney, and defendant, Jacqueline R. Brandt, and Karen M. Shanahan, counsel for defendant, as follows:

I

THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count III of the Indictment. Count III charges a violation of Title 18, United States Code, Section 1344. Defendant also agrees to admit the Forfeiture Allegation and agrees to entry of a money judgment against Defendant in an amount equal to the proceeds Defendant obtained as a result of the scheme described in Count III, minus the amount of funds that were recovered.

B. In exchange for the defendant's plea of guilty and admission as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Counts I and II of the Indictment at the time of sentencing.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for offenses related to fraud as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

II

NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offenses to which defendant is pleading guilty have the following elements:

Count II

1. Defendant knowingly executed a scheme or artifice to defraud, or to obtain the money, funds or other property owned by or under the control of a financial institution, Foundation One Bank, by means of material false or fraudulent pretenses, representations or promises;

2. Defendant did so with the intent to deceive a financial institution and obtain the property of a financial institution; and

3. Foundation One Bank was then insured by the Federal Deposit Insurance Corporation.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Defendant was an employee at Foundation One Bank (FOB) in Omaha, Nebraska. She started in about September 2018 as a teller, became Assistant Operations Manager in about June 2021 and Operations Manager in June 2022.

During approximately November 2019 to July 2022, Defendant used her account access to fraudulently obtain funds under the custody and control of FOB, specifically funds in several customers' accounts at FOB and other funds owned by FOB. Defendant did so in three ways:

1. Defendant conducted unauthorized cash withdrawals from customers' accounts (about $3,240).
2. Defendant conducted unauthorized wire transfers from customers' accounts to accounts she controlled at a different bank (about $113,000).
3. Defendant "cancelled" certified checks that had been issued by FOB in the past but never negotiated, made a balancing bookkeeping entry and obtained the face amount of the checks in cash from her drawer at FOB (about $2,097.52).

Defendant targeted accounts where the customer had not conducted transactions for an extended period of time ("Dormant Accounts"). Defendant conducted a few "ACH Withdrawals," by which she obtained cash from Dormant Accounts. Most of Defendant's fraudulent transactions were transfers from the Dormant Accounts to accounts that Defendant controlled at First National Bank of Omaha (FNBO). For example, on July 5, 2022, Defendant transferred $7,500 from one of the Dormant Accounts to an account she controlled at FNBO. Defendant's accounts at FNBO were either solely in her name or in the name of her and her ex-husband.

For certain accounts Defendant targeted, she altered the account settings so that statements were not sent to the customers. None of the affected account holders knew Defendant or authorized the transactions. The activity came to light when a customer reported funds missing from an account.

On July 7, 2022, FOB's president and its outside legal counsel interviewed Defendant. In the interview, Defendant admitted some of her conduct. In particular, she stated that beginning in approximately April 2022 she transferred funds without customer authorization from their accounts into FNBO accounts that Defendant owned and to which she had access. Defendant estimated she did this ten times. Defendant stated she used her access as the bank's assistant operations manager to transfer the funds to her personal account, and knew these transfers were unlawful. Defendant stated she selected the accounts from which to steal based on how long it had been since the accounts had activity. Defendant said she shut off statements for the affected accounts to hide her activity.

In total, Defendant fraudulently obtained about $116,240.00 from customers' accounts, plus another approximately $2,097.52 from FOB. FOB recovered $54,235 from Defendant's accounts at FNBO.

At all relevant times, FOB was an FDIC insured financial institution with headquarters in Omaha, Nebraska.

III

PENALTIES



A. COUNT ~~I~~ III Defendant understands that the crime to which Defendant is pleading guilty carries the following penalties:

1. A maximum thirty years in prison;
2. A maximum $1,000,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

IV

AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

V

SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that Defendant's Base Offense Level is seven, pursuant to USSG § 2B1.1(a)(1).
2. The parties agree that Defendant should receive an eight offense level increase pursuant to USSG § 2B1.1(b)(1) for the reason the offense involved an intended loss of more than $95,000 but less than $150,000.
3. The parties agree that Defendant should receive a two offense level increase pursuant to U.S.S.G. § 3B1.3 for abuse of a position of trust or use of a special skill.
4. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court

reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

5. Except as set forth herein, the parties have no agreement concerning any other offense level enhancements or reductions within the United States Sentencing Guidelines.
6. Defendant agrees to the following regarding Restitution:

a. The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the count(s) of conviction.

b. Defendant also shall pay the Special Assessment of $100 per count of conviction by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.

c. Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk."

d. Court imposed monetary penalties are due immediately and subject to immediate enforcement by the United States. 18 U.S.C. § 3613.

e. Any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (see 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (see 18 U.S.C. §§3613, 3664(m)).

f. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

g. Defendant will provide all of defendant's financial information to the United

States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

h. At the request of the U.S. Attorney's Office (USAO), Financial Litigation Program (FLP), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.

i. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence, and will execute any Release for such information upon request.

j. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

k. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

l. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such

financial obligations. Defendant promises that Defendant will make no such transfers in the future.

m. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

7. **Consent to FDIC Order.** In connection with her plea of guilty to violation of 18 U.S.C. § 1344, the defendant understands that she will be prohibited by law from any employment with a federally-insured depository institution insured by either the Federal Deposit Insurance Corporation (FDIC) or the National Credit Union Administration (NCUA), and she agrees to stipulate and consent to the issuance by the FDIC of an order of prohibition from further participation. The defendant also agrees to provide information showing his/her current financial status to the FDIC and consents to the United States Attorney's Office or other law enforcement agency providing copies of all of the defendant's financial information and documents to the FDIC.

The defendant further understands she may not become, or continue as, a director, officer, employee, or controlling stockholder of, or agent for, a federally-insured depository institution as defined in 12 U.S.C. § 1813(a), or participate in any manner in the conduct of the affairs of any federally insured depository institution specified in 12 U.S.C. § 1818(e)(7)(A), without the prior written consent of the FDIC or NCUA, in accordance with 12 U.S.C. §§ 1829(a), 1818 (e)(7)(A), and 1785(d).

If the underlying offense giving rise to this agreement is specifically listed in 12 U.S.C. §§ 1785(d)(2) and 1829(a)(2), the FDIC and the NCUA may not approve an application for their consent during the 10-year period beginning on the date the defendant's conviction becomes final. The defendant understands the knowing violation of these prohibitions could result in further criminal prosecution, with a possible sentence of up to 5 years' imprisonment and a fine of up to $1,000,000.00 per day.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded,

are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

VI

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

VII

BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

VIII

SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice

served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before ~~May 1,~~ October 20, 2023, at the United States Attorney's Office, District of Nebraska.

TEH KW

IX

MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

10/26/23
Date

John E. Higgins
ASSISTANT U.S. ATTORNEY

10-19-2023
Date

Jacqueline R. Brandt
DEFENDANT

10-19-2023
Date

Karen M. Shanahan
COUNSEL FOR DEFENDANT